UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MONICA WILSON,

Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

Defendant.
_____________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff hereby sues the Defendant and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, MONICA WILSON, is a citizen of the State of Florida, Washington County, over the age of eighteen and is otherwise *sui juris.*

2. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), is a foreign corporation incorporated under the laws of Panama, is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

3. This action is being pursued in this Court, as opposed to state court as otherwise permitted by the Savings to Suitors Clause of 28. U.S.C. section 1333 because CARNIVAL unilaterally injects a forum clause into its cruise tickets that require its passengers to file cruise-related suits in this Federal District and Division, as opposed to any other venue in the world.

4. The Defendant, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state; and/or

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

5. The causes of action asserted in this Complaint arises under the General Maritime Law of the United States.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Paradise*.

8. Defendant, CARNIVAL, promotes itself as the "Fun Ship" and markets to a younger crowd of passengers.

9. Defendant CARNIVAL, at all relevant times, and for at least ten (10) years prior to the incident complained of in this lawsuit, knew of the serious risk of crime and injury to passengers onboard its vessels, because Defendant had experienced and had actual knowledge of such crimes and injuries, perpetrated aboard by both its crew and passengers. These crimes and injuries, upon

information and belief, include, but are not limited to assaults and batteries, and other violence between passengers.

10. Defendant CARNIVAL, at all relevant times, and as required by the Cruise Safety and Security Act of 2010 must report acts and maintain a log of claims of physical assault onboard its vessels.

11. Defendant, CARNIVAL, further has experienced actual knowledge of passenger on passenger violence on its vessels.

12. Defendant knew or should have known, from past experience, that the risk of crime and injury against passengers tends to be greatest in the evening.

13. These locations where the violence occurs are where Defendant, CARNIVAL, provides its passengers with alcohol and also fails to provide adequate crewmember security.

14. Defendant CARNIVAL, at all relevant times, and upon information and belief, anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels in the future.

15. Defendant CARNIVAL, at all relevant times, chooses to sell alcohol aboard its vessels. Upon information and belief, such beverage sales are among the top source of onboard revenue, which determines the profitability of each voyage. Upon further information and belief, Defendant CARNIVAL derives millions of dollars in annual revenue from this source alone.

16. Defendant CARNIVAL knew or should have known that the high risk to its passengers of crime and injury aboard its vessels was enhanced by Defendant's sale of copious quantities of alcohol on its vessels.

17. Defendant CARNIVAL knew or should have known of the need to provide additional security measures in the evening and around the area of casinos and night clubs.

18. Defendant CARNIVAL is required to maintain a surveillance system onboard its vessels to assist in documenting crimes and injuries to provide evidence.[1]

19. On or about September 15 and 16, 2024, the Plaintiff was a paying passenger on Defendant's vessel, the *Carnival Paradise*, which was in navigable waters.

20. Plaintiff and her friend walking around the vessel near the Lido deck taking photographs as they walked to the elevator bank.

21. As Plaintiff and her friend entered the elevator and took it to the 9th deck, they heard screaming and saw other passengers running toward them.

22. When Plaintiff and her friend exited the elevator on the 9th deck, they were met by a group of women who were yelling vulgar language at them.

23. Upon information and belief, these individuals threatened Plaintiff and her friend and accused them of taking their photo without permission.

24. Plaintiff felt threatened and found a single security crewmember who began to escort Plaintiff and her friend through the casino.

25. As the security crewmember escorted the Plaintiff out of the threatening situation, without warning and due to Defendant's lack of appropriate security measures, one of the passengers ran up Plaintiff and struck her violently on her right side of head.

26. This was one of the passengers that had previously threatened Plaintiff and her friend and who Plaintiff sought safety from when she asked for assistance from the crewmember.

27. As a result of the inadequate security protocol in protecting Plaintiff, Plaintiff suffered a head injury, resulting in headaches, ear ringing and facial contusions.

[1] 46. U.S.C. § 3507(b).



Photo of Plaintiff facial contusion taken in cabin

**COUNT I – NEGLIGENT SECURITY OF CARNIVAL**

Plaintiff realleges, adopts and incorporates by reference the allegations in Paragraphs one (1) through twenty-seven (27) as though alleged originally herein:

28. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while he was a passenger aboard the *Carnival Paradise*.

29. On or about September 15 and 16, the Plaintiff was injured due to the fault and negligence of the Defendant, and/or its agents, servants and/or employees as follows:

a. Failing to provide reasonably safe conditions for the Plaintiff during his voyage aboard the *Carnival Paradise*. Reasonably safe conditions include, but are not limited to: (i) preventing an atmosphere wherein persons could assault and/or

violently batter other passengers; (ii) controlling passengers who were clearly and/or visibly intoxicated so as to be dangerous to others; and/or (iii) having adequate security personnel aboard its vessel; and/or

b. Failing to protect passengers from physical assaults and/or batteries by other passengers; and/or

c. Failing to adequately monitor passengers so as to keep them away from dangerous passengers and/or dangerous situations; and/or

d. Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from committing physical assaults and/or batteries against other passengers aboard the ship; and/or

e. Failing to adequately monitor and control the conduct of passengers when some passengers feel threatened; and/or

f. Failing to provide adequate security and/or supervision for passengers aboard its vessels; and/or

g. Failing to adequately train security to de-escalate a situation; and/or

h. Failing to have security act reasonably and/or adequately and/or timely; and/or

i. Failing to provide adequate security to prevent and/or time intervene in altercations and/or disputes among passengers aboard the ship; and/or

j. Failure to adequately monitor ship's common areas so as to timely identify and respond to passenger physical assaults and/or batteries;

all or some of which caused and/or contributed to the Plaintiff being physically assaulted, and struck from behind while being in the alleged safety of Defendant's security.

30. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was directly and proximately caused to be physically assaulted, and suffered physical and emotional injuries.

31. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and income lost in the past. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff, MONICA WILSON, demands judgment for damages against the Defendant, CARNIVAL CORPORATION, in excess of the minimal jurisdictional limits of this Court, for economic damages in the past and in the future including but not limited to loss of wages and income, medical expenses including but not limited to the expense of physicians, hospitalization, surgical procedures, and non-economic damages in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for enjoyment of life, all court costs, all interest under the maritime law or otherwise which accrues from the date of the incident described herein, and any and all other damages which the Court deems just or appropriate.

Respectfully Submitted,

**CHASE JUSTICE | INJURY ATTORNEYS**
*Attorneys for Plaintiff*
150 SE 2nd Ave., Suite 1410
Miami, Florida 33131
Telephone: (305) 677-2228
Facsimile: (305) 677-3232

By: *____/s/ Brandon L. Chase__________________*
Brandon L. Chase, Esq., Florida Bar No. 90961
Email: brandon@chasejustice.com
eservice@chasejustice.com